[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: APPORTIONMENT DEFENDANT'S MOTION TO DISMISS (#113) THE PLAINTIFFS' COMPLAINT
The plaintiffs, Laura Boland, and her minor son, Stephen Boland p. p. a. Laura Boland, brought this action against the defendants, John Frye and Worcester Insurance Company (WIC), on September 12, 1997. The plaintiffs' claims stem from an automobile accident that occurred on April 9, 1996.
The complaint's first and second counts, on behalf of Laura and Stephen Boland respectively, are directed at Frye and allege negligence. Specifically, the plaintiffs claim that on April 9, 1996, they were stopped at a red light on Pine Street facing east. At this time, Frye was traveling in a northerly direction on East Street. At the moment Frye reached the intersection of Pine and East streets, he attempted to make a left hand turn onto CT Page 11815 Pine street. The plaintiffs allege, however, that in doing so, Frye turned directly into the path of a vehicle traveling in a southerly direction on East street. Consequently, Frye's vehicle was struck by the oncoming vehicle. This collision caused Frye's vehicle to collide with the plaintiffs' vehicle, which resulted in both the plaintiffs suffering injuries.
The plaintiffs' third and fourth counts of the complaint are directed at WIC, Laura Boland's automobile insurance carrier. In the third and fourth counts respectively, the Bolands seek uninsured/underinsured motorist benefits from WIC.
On November 12, 1997, Frye filed an apportionment complaint against the apportionment defendant Christopher Reddy. In his apportionment complaint, Frye alleges that Reddy acted negligently by allowing his vehicle to collide with Frye's vehicle, thereby contributing to, or causing in full the plaintiffs' injuries.
On April 13, 1998, the apportionment defendant filed an answer to the apportionment complaint. Thereafter, the plaintiffs filed a complaint against the apportionment defendant on May 27, 1998. As a result of the plaintiffs' delay in filing the complaint against the apportionment defendant, the apportionment defendant has filed the motion to dismiss presently before the court.
The apportionment defendant argues in support of his motion to dismiss that General Statutes § 52-102(b)(a) specifically provides that an apportionment complaint must be filed within 120 days from the return date of the original complaint. In the present case, that was done. Section 52-102(b)(d), however, provides that a plaintiff must file a complaint against an apportionment defendant within sixty days of the return date of the apportionment complaint. Here, that was not done. Therefore, the defendant argues that the plaintiffs' failure to comply with the applicable statute deprives the court of subject matter jurisdiction, and the motion to dismiss should be granted.
The plaintiffs argue, however, that the filing of the complaint against the apportionment defendant in this action was timely. Specifically, the plaintiffs claim that they never received a copy of the apportionment complaint to alert them to the fact that an apportionment complaint had been filed. The plaintiffs claim that the first time they became aware of the CT Page 11816 existence of the apportionment complaint was when the apportionment defendant filed his answer to that complaint. The plaintiffs also claim that once they became aware of the apportionment complaint, they timely filed a complaint against the apportionment defendant. Therefore, the plaintiffs assert that the motion to dismiss should be denied.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544,590 A.2d 914 (1991). "Jurisdiction of the subject-matter is the power [of the court] to hear and determine cases of the general class to which the proceedings in question belong." (Internal quotation marks omitted.) Konover v. Town of West Hartford, 242 Conn. 727,740, 699 A.2d 158 (1997). "[O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case." (Internal quotation marks omitted.) Community Collaboration ofBridgeport, Inc. v. Ganim, 241 Conn. 546, 552, 698 A.2d 245
(1997). "[I]n deciding a motion to dismiss, [the trial court] must consider the allegations of the complaint in their most favorable light." (Internal quotation marks omitted.) Savage v.Aronson, 214 Conn. 256, 264, 571 A.2d 696 (1990).
The apportionment statute, General Statutes § 52-102b, "creates the exclusive means by which a defendant may add a person . . . for a proportionate share of the plaintiff's damages as a party to the action." General Statutes § 52-102b(f). Further, as apportionment of liability was not permitted at common law, § 52-102b provides the exclusive means and procedure for apportioning liability.
General Statutes § 52-102b(a) provides in pertinent part, "a defendant in any civil action to which General Statute § 52-572h applies may serve . . . [an] apportionment complaint . . . within one hundred twenty days of the return date specified in the plaintiff's original complaint." The statute further provides that "[t]he defendant filing an apportionment complaint shall serve a copy of such apportionment complaint on all parties to the original action in accordance with the rules of practice of the Superior Court." General Statutes § 52-102b(a); Practice Book § 121, now Practice Book (1998 Rev.) CT Page 11817 § 10-12. Once the apportionment complaint has been timely filed, and a copy of it has been sent to all parties of record, "the plaintiff may, within sixty days of the return date of the apportionment complaint served pursuant to subsection (a) of this section, assert any claim against the apportionment defendant arising out of the transaction or occurrence that is the subject matter of the original complaint." General Statutes § 52-102b(d).
The legislature provides the plaintiff with this small window of opportunity in which to file claims against the apportionment defendant because the plaintiff must be afforded an opportunity to protect herself and her interests. The apportionment complaint "significantly [impacts] on the rights of the plaintiff to satisfy a judgment and to assert claims against the apportionment defendant and also to be subject to counterclaims by said apportionment defendant." Pashley v. Hairston, Superior Court, judicial district of New Haven at New Haven, Docket No. 384639 (February 14, 1997, Fracasse, J.).
Moreover, General Statutes § 52-102b(d) was intended to "provide a plaintiff a relatively short period of time, sixty days, in which to institute an action against a party about whom the plaintiff may have been unaware until the apportionment complaint was filed. Once a plaintiff is alerted to the existence of a potential, additional tortfeasor, the remedial goal of [section] 52-102b(d) is achieved." McQueen v. SielevAssociates, Superior Court, judicial district of Windham at Putnam, Docket No. 55418 (November 17, 1997, Sferrazza, J.).
Here, the parties' dispute is predicated upon the plaintiffs' failure to adhere to the statutorily mandated sixty day time period within which to file a complaint against the apportionment defendant. Yet, the alleged reason for the plaintiffs' noncompliance with § 52-102b(d) is the defendant's purported failure to provide the plaintiff with a copy of the apportionment complaint; which is itself in derogation of § 52-102b(a).
Despite the aforementioned, however, the court recognizes the presumption that is created by the defendant's certification attached to the apportionment complaint filed on November 12, 1997. In his pleading filed on that date, the defendant certified that a copy of the apportionment complaint was mailed, postage pre-paid, to plaintiffs' counsel, as well as counsel for CT Page 11818 the co-defendant WIC. "The certification of counsel as to service raises a rebuttable presumption that the [party] received the document served." Fidelity and Deposit Co. v.Madden, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 523653 (February 27, 1996, Aurigemma, J.); Hartford Electric Light Co. v. Tucker,183 Conn. 85, 90, 438 A.2d 828, cert. denied, 454 U.S. 837, 102 S.Ct. 143,70 L.Ed.2d 118 (1981).
In this action, however, the court finds that the plaintiffs have rebutted the presumption of service, and that the plaintiffs did not receive a copy of the apportionment complaint as mandated by General Statutes § 52-102b(a). Presently, the plaintiffs' counsel has furnished the court with a sworn affidavit stating that she did not receive a copy of the apportionment complaint dated October 31, 1997, and that she first became aware of the filing when she received a copy of the apportionment defendant's answer. (Affidavit of Jan P. Van Der Werff.) Moreover, the plaintiffs have provided the court with an affidavit from attorney Van Der Werff's paralegal, Ruth Martin. Martin states that her office did not receive a copy of the apportionment complaint, and that this is evidenced by the fact that she would not have prepared and filed a Certificate of Closed Pleadings in this action if the office had. (Affidavit of Ruth Martin.) Also, in a similar, but separate instance to the present, Martin claims that her office did not receive a copy of compliance discovery from the defendant in this action, although the defendant claimed that he had sent the compliance. (Affidavit of Ruth Martin.)
Ordinarily, this court may not have given much weight to the plaintiffs' representations, since the affiants' statements could be construed as quite self-serving. Yet, the court has also been provided with the affidavit of James J. Carroll, counsel for the co-defendant WIC. In his affidavit, Carroll states that he also did not receive a copy of the apportionment complaint dated October 31, 1997. (Affidavit of James J. Carroll.) Thus, in light of all of the available evidence and information, the court finds that the plaintiff has successfully carried its burden in rebutting the presumption that it received a copy of the apportionment complaint.[1]
Furthermore, because the plaintiffs filed a complaint against the apportionment defendant within sixty days of learning of the apportionment complaint, the court finds that the CT Page 11819 plaintiffs have complied with § 52-102b(d).[2]
Consequently, the apportionment defendant's motion to dismiss the plaintiffs' complaint must be denied because to do otherwise would be to thwart the spirit and remedial nature of General Statutes § 52-102b.
The apportionment defendant's motion to dismiss is denied.
SANDRA VILARDI LEHENY, J.